UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A GOOGLE PIXEL 2 CELLULAR PHONE, IMEI 357536088856531, RECOVERED FROM KAYLA ALVES | No. 1:20-mj-223-JHR<br><br>**UNDER SEAL** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A WARRANT**

I, James Hendry, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such. I have been a Special Agent with the FBI since July of 2017. Prior to my employment with FBI, I was employed by the United States Department of Justice since December of 2012. As a Special Agent with FBI, I have received formal training in identifying and investigating violations of federal law and have participated in all aspects of federal investigations. Additionally, I have testified in judicial proceedings and prosecutions for violations of federal criminal law. I have experience in public corruption and fraud investigations, as well as techniques associated with such investigations, including conducting interviews, executing search warrants, completing financial and telephone analysis, conducting surveillance, executing arrests, and recruiting and operating confidential human sources. I have debriefed and participated in the debriefings of defendants, confidential human sources, and witnesses who had personal knowledge of fraud and bribery schemes.

2. Based on my training and experience, I am aware that those who engage in wire fraud and narcotics conspiracies commonly use cellular telephones in furtherance of those illicit activities and can frequently change cellular telephone numbers and cellular telephones in an effort

to thwart law enforcement's use of electronic surveillance. I am also aware that drug traffickers and those engaged in fraud often speak in vague, guarded, or coded language when discussing their illegal business in an effort to further prevent detection.

3. The facts in this affidavit come from my personal observations, my training and experience, phone analysis, and information obtained from other agents and witnesses.

## PURPOSE OF AFFIDAVIT AND LOCATION TO BE SEARCHED

4. The purpose of this Affidavit is to set forth facts for the Court to determine whether sufficient probable cause exists in support of my application for a search and seizure warrant pursuant to Rule 41 of the Federal Rules of Criminal Procedure authorizing the search for and seizure of evidence of the crimes of:

   a. manufacturing a controlled substance in violation of 21 U.S.C. § 841;

   b. conspiracy to possess with intent to distribute, and to distribute, controlled substances including, but not limited to, marijuana, in violation of 21 U.S.C. § 846;

   c. possession with intent to distribute and distribution of controlled substances including, but not limited to, marijuana, in violation of 21 U.S.C. § 841(a)(1); and

   d. obstruction of justice, in violation of 18 U.S.C. § 1503

from a Google Pixel 2 cellular telephone assigned call number 207-749-8827 with IMEI number 357536088856531 (the "Target Cellphone") that was recovered from the person of KAYLA ALVES on or about July 22, 2020. The Target Cellphone is currently in FBI custody. I seek authority to search the Target Cellphone for information relating to the crimes articulated above, as more particularly described in Attachment B. Photographs, front and back, of the Target Cellphone appear below.

 

### FACTS SUPPORTING PROBABLE CAUSE

5.  I adopt and incorporate by reference, my affidavit dated July 22, 2020 filed in support of a search warrant for the ALVES residence, as previously defined, and the person of KAYLA ALVES, attached hereto as Exhibit 1.

6.  On or about July 22, 2020, I encountered KAYLA ALVES outside of the Office of the District Attorney for the Third District of Maine. I presented ALVES with a search warrant authorizing the search of her person and the seizure of the Target Cellphone. ALVES complied with the warrant and provided the Target Cellphone to me. The Target Cellphone is now in FBI custody.

## FURTHER TRAINING AND EXPERIENCE OF AFFIANT

7. Based on my training and experience, and conversations with other law enforcement agents who have conducted controlled substance distribution investigations, I know that those involved in drug conspiracies (a) often communicate with their co-conspirators about drug trafficking and/or the laundering of drug proceeds using cellular phones; (b) frequently use these devices to send text messages, emails, and digital photographs and/or videos to their co-conspirators; (c) often use the camera features on cellular telephones to take photographs and/or videos of themselves and/or their co-conspirators; (d) often store lists and records made in furtherance of drug trafficking along with contact names and numbers and other relevant contact information for their co-conspirators in cellular phones; and (e) often use multiple cellular telephones in furtherance of criminal activity and may not claim ownership of phones used in furtherance of criminal activity when questioned by law enforcement. Based on my training and experience, I also know that many cellular telephones can send, receive, and store digital photographs, instant messages, voice messages and text messages, and also contain phone book/contact lists, and call history features including incoming, outgoing and missed calls, among others.

8. Information stored within a cellular phone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, the information stored within a cell phone can indicate who has used or controlled the cell phone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. For example, contacts lists, instant messaging logs, and communications (and the

data associated with the foregoing, such as date and time) may indicate who used or controlled the cell phone at a relevant time. Further, such stored electronic data can show how and when the cell phone and its related account were accessed or used. Such "timeline" information allows investigators to understand the chronological context of cell phone access, use, and events relating to the crime under investigation. This "timeline" information may tend to either inculpate or exculpate the cell phone account owner. Additionally, information stored within a cell phone may indicate the geographic location of the cell phone and user at a particular time (e.g., location integrated into an image or video sent via email or text message to include both metadata and the physical location displayed in an image or video). Last, stored electronic data may provide relevant insight into the cell phone owner's state of mind as it relates to the offense under investigation. For example, information in the cell phone may indicate the owner's motive and intent to commit a crime (e.g., communications relating to the crime), or consciousness of guilt (e.g., deleting communications in an effort to conceal them from law enforcement). Unless this data is destroyed, by breaking the cell phone itself or by a program that deletes or over-writes the data contained within the cell phone, such data will likely remain stored within the cell phone indefinitely.

      9.     I know that many cellular telephones are password protected and can lock. I also know that some cellular telephones can be remotely wiped. In order to prevent the loss of evidence, I seek authority to create an image (or download the contents) of any seized phone. I intend to seek a subsequent search warrant before actually searching the device or the image.

## **PROTECTION OF PRIVILEGED INFORMATION**

10. As noted above, it is believed that KAYLA ALVES is an Assistant District Attorney, and therefore, a practicing attorney whose client is a legal subdivision of the State of Maine. Although the Target Cellphone is believed to be ALVES's personal cellphone, and not her Government-issued cellphone, it is possible that investigators executing a search warrant designed to obtain data from the Target Cellphone will encounter materials that contain information subject to the attorney-client privilege.

11. In conjunction with the United States Attorney's Office for the District of Maine, investigators plan to take the following steps to ensure that agents and prosecutors working on this investigation will not be exposed to any privileged materials. With respect to a search of the Target Cellphone, investigators will use a "filter" process in conjunction with the United States Attorney's Office. An agent who is not, and has not been, involved in this matter in any way will be provided with the seized devices and other information. This filter agent will search the materials for the items specified in Attachment B to this affidavit.

12. In addition, the United States Attorney's Office will assign an Assistant United States Attorney who is not now, and has not been, involved in this investigation. The filter agent can discuss any issues regarding attorney-client privilege that may arise with the filter AUSA and will forward to the filter AUSA any materials that the filter agent believes may contain potentially privileged information. The protocol for review of material seized under this warrant to be followed by the filter agent and filer AUSA is attached as Attachment C.

## CONCLUSION

13. Based on the above, I believe that the Target Cellphone has been used in furtherance of a drug trafficking conspiracy, and in obstruction of justice, and that information related to those offenses will be found on the Target Cellphone. Therefore, I respectfully request the warrant sought herein pursuant to Federal Rule of Criminal Procedure 41.

James Hendry
Special Agent
Federal Bureau of Investigation

Sworn to telephonically and signed electronically in accordance with the requirements of Fed. R. Crim P. 4.1

Date and Time:
7/27/2020, 3:06 PM

City and State:
Portland, ME

John H. Rich III,
U.S. Magistrate Judge