# ATTACHMENT C

# FILTER TEAM PRACTICES AND PROCEDURES
## For Searches of Physical Locations, Electronic Storage Devices, and Email

I. **Filter team membership:**

Members of the filter team are not part of the investigation/prosecution team and never will be so in the future.

- An AUSA from the United States Attorney's Office for the District of Maine.

- A legal assistant from the United States Attorney's Office for the District of Maine.

- Federal agents from the Federal Bureau of Investigation.

- A forensic examiner. The forensic examiner will be permitted to testify to the creation of new images (as described below), if necessary. In addition, if the forensic examiner locates Privilege Review Material (as defined below) that is ultimately provided to the investigation/prosecution team as outlined below, then the forensic examiner will be permitted to testify regarding the location and/or recovery of that material, as well as the filter procedures.

II. **Basic procedures related to the filter team review of seized material:**

A. The filter team AUSA shall be responsible for documenting actions and decisions of the filter team (e.g., in a log), including but not limited to: a chain of custody for items being searched; a chain of custody for relevant material reviewed pursuant to the procedures set forth below; categorization of relevant material as described below; determinations by the court, if any; and chain of custody of material and items returned to defense counsel, if any.

B. The filter team shall not disclose the contents of any potentially privileged material to any member of the investigation/prosecution team except as provided below.

C. The filter team may ask KAYLA ALVES or counsel for KAYLA ALVES whether a seized electronic storage device, file, or email account may contain attorney-client privileged or work product material. If KAYLA ALVES or counsel for KAYLA ALVES states in writing that an electronic storage device, email account, or file does not contain either attorney-client privileged or work product material, then no further review is required.

    D.  The filter team should err on the side of caution and treat any questionable items as potentially privileged. In addition:

        1.  The filter team should treat as privileged any letter, e-mail, memorandum, or other document containing a communication between KAYLA ALVES (or her agents) and one of her attorneys.

        2.  The filter team should treat as privileged any letter, e-mail, memorandum, or other document containing a communication between KAYLA ALVES (or her agents) and one of her clients, to include the State of Maine.

    E.  Filter team members also should be familiar with the legal elements of the attorney-client privilege and the attorney work product doctrine.

    F.  Consultation with investigative agents and/or prosecutors: During the review process, the filter team AUSA may consult with the investigative agents and/or prosecutors concerning the facts of the investigation, the legal elements of the attorney-client privilege or work product doctrine, the scope of the warrants, the appropriateness of the seizure of any document, file, or item, or any other legal question. However, members of the filter team shall not disclose the substance of any potentially privileged item to any member of the investigation/prosecution team except in accordance with (III)(C)(5) below.

    G.  Except as provided below for redacted material, the filter team AUSA shall place all material determined to be privileged in a secure container marked "privileged information," and return it to counsel for the defendant/target. The filter team AUSA shall maintain an electronic or manual log detailing the nature of the documents returned and the process by which privileged materials were stored, protected, and returned to defense counsel.

    H.  Items to be reviewed: The filter team will review all seized material except that which could not contain attorney-client privileged or work product protected material (e.g., firearms, narcotics, folders or files containing only child pornography). As discussed above, the filter review may be limited or not necessary if KAYLA ALVES or counsel for KAYLA ALVES indicates in writing that certain physical records or electronic storage devices do not contain privileged or work product protected material.

**III.** **Filter team review procedures:**

### Electronic Storage Devices

    A.  The forensic examiner will work with the filter team AUSA to identify all privileged and potentially privileged material on the electronic storage devices. **"Privileged" information includes attorney-client information, attorney work product information, and client confidences.**

B. After the filter team has located all privileged and potentially privileged files on the electronic storage devices, the forensic examiner then will either (1) create new images of the electronic storage devices that do not contain any privileged or potentially privileged information, or (2) place the files that do not contain any privileged or potentially privileged information on a new digital media (e.g., a DVD) (collectively "New Media"). This process can be done on a rolling basis. The forensic examiner then will provide the New Media to the investigation/prosecution team and work with them to locate material on the New Media that is responsive to the search warrant.

C. The forensic examiner will continue to work with the filter team AUSA in the review of the privileged and potentially privileged material.

   1. The filter team first will determine whether any of the privileged or potentially privileged material is responsive to the search warrant.

   2. For that privileged and potentially privileged material that is not responsive to the search warrant, the filter team will not disclose that material to the investigation/prosecution team.

   3. For that privileged and potentially privileged material that is responsive to the search warrant, the filter team AUSA will segregate it into three categories: (1) privileged and cannot be redacted; (2) privileged but can be redacted; and (3) potentially privileged (e.g., government does not have sufficient information to make that determination or an exception to privilege may apply). The filter team AUSA will send a copy of the material in categories 2 (with proposed redactions) and 3 (collectively "Privilege Review Material") to counsel for KAYLA ALVES, along with a log.[1]

   4. The filter team AUSA will work with counsel for KAYLA ALVES to try to reach an agreement as to whether the Privilege Review Material: (1) is not privileged; (2) falls within an exception to the privilege; or (3) can be redacted to eliminate the privileged information. If the filter team AUSA and counsel for KAYLA ALVES cannot agree on items of the Privilege Review Material, the filter team AUSA will submit those items to the court for determination regarding privilege and/or proposed redactions of the privileged material.

   5. If KAYLA ALVES does not have counsel, the filter team AUSA will redact privileged or work product material and provide the redacted material to the investigation/prosecution team; and provide category 3 material to the court for review.

---

[1] The log shall include the file name, the type of file, the file date, the creation date, the medium on which the file is located, the sender and recipient (if applicable), and the subject matter.

6. If applicable, the filter team AUSA will confer with counsel to the State of Maine, specifically, the District Attorney of Maine Prosecutorial District Three to determine counsel's position with regard to whether Privilege Review Material is privileged.

7. The filter team AUSA only will provide Privilege Review Material to the investigation/prosecution team if: (i) the filter team and counsel for KAYLA ALVES reach an agreement as to the item; or (ii) the court has ruled that the filter team AUSA may provide the item to the investigation/prosecution team.

D. No member of the filter team shall disclose the contents of any potentially privileged material retrieved from the electronic storage devices to members of the investigation/prosecution team except in accordance with (III)(C)(5) directly above.